IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **LACHAUN GAYDEN,** Defendant. | Case No. 12-MJ-159 ORDER FOR PRETRIAL DETENTION |

On the 29th day of August, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Justin Lightfoot. The Defendant appeared personally and was represented by his attorney, John Dennis Jacobsen.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 27, 2012, Defendant Lachaun Gayden was charged by Criminal Complaint (docket number 2) with aiding and abetting the distribution of crack cocaine.

At the hearing, DEA Special Agent Angelica Atalig testified regarding the circumstances of the instant charge. The DEA initiated a controlled purchase of marijuana from Defendant by a Confidential Informant ("CI") on April 4 and May 3 of 2012, and by an Undercover Agent ("UA") on May 9, 2012. During the May 9 buy, the UA indicated to Defendant that he was interested in purchasing crack cocaine, and Defendant stated that he could get crack cocaine for him. Atalig testified that several other cooperators confirmed that Defendant had crack cocaine available for sale.

On August 23, 2012, the CI contacted Defendant to arrange for the purchase of crack cocaine. On August 24, 2012, Agent Atalig and Task Force Officer Hancox brought the CI to their office, where the CI called Defendant. Defendant then called the CI back

and set up a meeting time and location. After being fully searched, the CI was provided with $600 pre-serialized money and the UA drove him to the location to engage in a controlled drug transaction. At the meeting location, the CI found Defendant in the front passenger seat of a gold mini-van with Davaruis Williams in the driver's seat and Julius Montgomery in the back seat. CI entered the back seat. While inside the vehicle the CI paid Defendant $200 of the pre-serialized money to Defendant. In exchange, Williams handed the CI 3.5 grams of crack cocaine and Defendant handed the CI 2 grams of marijuana.

After the transaction, Defendant returned to the UA's car. Law enforcement followed the mini-van to a convenience store. Williams went into the store and then returned to the mini-van, and then drove to a different parking space in the parking lot. A marked law enforcement vehicle then arrived and approached the mini-van and the mini-van exited the parking lot. A pursuit then ensued. The police vehicle followed the mini-van as it increased in speed, eventually turning off the road onto a private lawn, where Montgomery exited the mini-van while it was moving and fled on foot and was later apprehended. The mini-van eventually entered a ravine where it hit a tree and came to a stop. Williams and Defendant exited the vehicle and law enforcement agents arrested both Williams and Defendant. Law enforcement found marijuana in both side door panels of the mini-van, as well as $100 of the pre-serialized money in Williams's possession and $100 of the pre-serialized money in Montgomery's possession after he was apprehended.

According to the pretrial services report, Defendant is 24 years old. He was born and raised in Chicago, Illinois. He moved to Cedar Rapids, Iowa, approximately four years ago. He is not currently married, nor has he ever been married. He has a girlfriend with whom he has a one-year-old son. Defendant stated that he was employed with the Gyro Hut in Cedar Rapids for one month, but reported no other employment history.

The Defendant has asthma for which he uses an inhaler as needed, but advised that he is otherwise in good health and has no present or past mental or emotional health concerns. Defendant indicated that his alcohol consumption has never been problematic. Defendant stated that he has smoked marijuana 2-3 days per week since age 17, and that he last used marijuana on August 24, 2012. He stated that he successfully completed a drug evaluation class through Area Substance Abuse Council in Cedar Rapids earlier this year.

In October 2005, Defendant was charged with possession of marijuana and criminal trespass to land, but the charges were stricken with leave to reinstate. In May 2006, Defendant was charged with trespass to state land, but the charge was stricken with leave to reinstate. In October 2006, Defendant was convicted of manufacture and delivery of marijuana, and was sentenced to 4 days in jail. In 2007, Defendant was charged with gambling, but the charge was stricken with leave to reinstate. In September 2009, Defendant was charged with criminal trespass to land, but the charge was stricken with leave to reinstate. In December 2009, Defendant violated an ordinance and judgment was entered against him.

On February 15, 2012, Defendant was charged with possession of a controlled substance, interference with official acts, public intoxication, and providing false identification information. Defendant was released after posting a $1,600 surety bond. The next day, on February 16, 2012, Defendant was charged with possession with intent to deliver marijuana, failure to affix a tax stamp, and interference with official acts. Agent Atalig's testimony revealed that on February 16, a search warrant was executed in Cedar Rapids in a residence where Defendant was present; and upon the execution of the search warrant, Defendant fled from police by jumping out of the second floor window. Julius Montgomery was also present in the residence. A distribution amount of marijuana was found in the residence, on which were the fingerprints of both Defendant and Montgomery. Sentencing on these matters is scheduled in state court on October 2, 2012.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition

or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with aiding and abetting the distribution of crack cocaine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. On several occasions, the CI purchased marijuana from Defendant, and Agent Atalig's testimony indicated that numerous cooperators informed her office that Defendant had access to crack cocaine to sell. On August 24, 2012, Defendant arranged with a CI for the purchase of crack cocaine and met with the CI at an agreed upon location. When the CI entered the vehicle Defendant was in, Defendant accepted $200 and, in exchange, the driver of the vehicle gave the CI crack cocaine and Defendant gave the CI marijuana. The Defendant's criminal history also reveals that Defendant is no stranger to possessing controlled substances.

As a general proposition, the distribution of drugs constitutes a danger to the community. The pretrial services report and Agent Atalig's testimony suggest that Defendant has access to controlled substances and the resources and ability to continue distributing such substances if released. Furthermore, Defendant's criminal history indicates that on two separate occasions the Defendant attempted to flee and evade arrest

by law enforcement, and that in one instance he was willing to provide false information about his identity to a law enforcement officer. Therefore, based on the serious nature and circumstances of the offense, Defendant's criminal history, Agent Atalig's testimony regarding Defendant's willingness and capacity to distribute controlled substances, Defendant's history of attempting to evade arrest, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds there is probable cause that Defendant committed the offense charged in the complaint (docket number 2).

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

7

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

5. The time from the Government's oral motion to detain (August 27, 2012) to the filing of this Ruling (August 29, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 29th day of August, 2012.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA